IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEOTHER TIDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-5-NJR |
| ) | |
| ) | |
| A. HELLION and P. STEWART, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Cleother Tidwell, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Tidwell has not filed an official Complaint, instead he filed an initial document labeled "Ad Hoc"—in which he complains about his access to grievance forms and acts of retaliation from someone at Menard Correctional Center he labels "the Witch" (Doc. 1). He filed a second document asking for help moving his pending cases in state court (Doc. 4). Finally, he submitted an "Updated Motion" further expounding his claims against the listed Defendants (Doc. 5). Tidwell alleges that he filed grievances and has not received any responses from Menard. His filings state that he wants to "use [the Court's] archives to preserve this record," and he seeks judicial notice of the corruption by Defendants (Docs. 1, p. 1 and Doc. 5, p. 1).

1

Tidwell originally filed his "Ad Hoc" document on October 28, 2021, in the United States District Court for the Northern District of Illinois. Labeled as a Complaint, the action was transferred to this judicial district pursuant to 28 U.S.C. § 1406(a) because venue was improper in the Northern District. This matter is now before the Court for case management.

Tidwell is a restricted filer in this District, and this Court would not have allowed him to file instant Complaint here. *See Tidwell v. Menard C.C.*, No. 16-cv-00384-SMY (Doc. 43). The subject filing ban was imposed on August 10, 2017:

> Cleother Tidwell is **SANCTIONED** with a $500 fine, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees owed to this District. The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until the sanction is paid, and all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court. Documents submitted in connection with an appeal are excluded from the sanction.

(Doc. 43, p. 7). The filing ban remains in place.[1] Pursuant to that ban, the Clerk of Court will return unfiled any civil pleadings that Tidwell attempts to file in this District.

Tidwell's decision to file his Complaint in the Northern District of Illinois was not even arguably proper, as none of the facts or parties have the slightest connection to that jurisdiction. Instead, this represents the latest in a long line of attempts to avoid the filing restriction here despite repeated warnings. He has attempted this on at least **six** prior

---

[1] Despite the filing ban that is currently in effect in this District, the Clerk of Court correctly opened this case because a judge in the transferor district signed an order transferring it to this District. *Hall v. Stone*, 170 F.3d 706, 708 (7th Cir. 1999) ("Even an invalid judicial order must be obeyed until it is stayed or set aside on appeal.").

occasions. *See Tidwell v. Kink*, No. 18-cv-00959-DRH (Western District of Louisiana); *Tidwell v. John/Jane Does*, No. 18-cv-01181-NJR (Northern District of New York); *Tidwell v. Kink*, No. 18-cv-01691-MJR (Southern District of West Virginia); *Tidwell v. Cunningham*, No. 18-cv-01448-SMY (Northern District of Texas); *Tidwell v. Dunlap*, No. 18-cv-02008-NJR (Southern District of West Virginia); and *Tidwell v. Hopkins*, No. 19-cv-239-NJR (Eastern District of Tennessee). Tidwell's filing ban has been extended, and on several occasions he has been sanctioned in $500 increments.

Like those before it, this case also shall be administratively closed. Tidwell stands **WARNED** that further attempts to avoid the filing ban now in effect in this District shall result in increasingly harsh sanctions that include, but are not limited to, monetary fines.

For the reasons set forth above, the Court **DIRECTS** the Clerk of Court to **ADMINISTRATEVLY CLOSE** this case. No filing fee shall be assessed. Tidwell is **WARNED** that future efforts to evade the filing ban shall result in the imposition of additional monetary and/or other sanctions.

**IT IS SO ORDERED.**

DATED:  January 4, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**